DANIEL G. BOGDEN
United States Attorney
PATRICK WALSH
Assistant United States Attorney
333 Las Vegas Blvd., Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336

FILED
2011 SEP 19 AM 11:57

BY_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| PLAINTIFF, | Case No. 2:11-mj-619-GWF |
| vs. | VIOLATIONS: |
| LAVELLE MONTE SMITH, | Title 49, U.S.C., Section 46504 - Interference with Flight Crew |
| DEFENDANT. | Title 18, United States Code, §1038 - False Information and Hoaxes |

**BEFORE** the United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being first duly sworn, deposes and says:

### COUNT 1
### Interference with Flight Crew

That on or about September 3rd, 2011, onboard Spirit Airlines flight #245, from Las Vegas, Nevada, to Los Angeles, California, an aircraft within the special aircraft jurisdiction of the United States, LAVELLE Monte Smith, did, by intimidating flight crew members and attendants of the aircraft and claiming there was a bomb, interfere with the performance of the duties of the crew members and flight attendants and lessen their ability to perform those, all in violation of Title 49, United States Code 46504.

## COUNT 2
### False Information and Hoaxes

On or about the September 3rd, 2011, in the District of Nevada, the defendant, LAVELLE Monte Smith, did intentionally convey false and misleading information, to wit: the possibility that there may be a bomb on the airplane, under circumstances where such information may reasonably have been believed, that indicated that an activity had taken and was taking place, to wit: that a bomb had been placed on Spirit Airlines flight #245, from Las Vegas, Nevada, to Los Angeles, California, that would constitute a violation of Title 18 U.S.C. chapter 2, all in violation of Title 18, United States Code, §1038.

I, Joel P. Willis, Special Agent of the Federal Bureau of Investigation, after being duly sworn, deposes and says the following:

1.  I have been employed as a Special Agent for approximately seven years. I have investigated numerous complex cases. I am familiar with the information contained in this affidavit based on personal investigation and on information provided by other law enforcement officers.

2.  The statements contained in this affidavit are based on information provided by employees of the FBI, other law enforcement officials and my experience and background as a Special Agent of the FBI. I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 49, United States Code 46504- Interference with Flight Crew, and Title 18, United States Code, Section 1038- False Information and Hoaxes;

. . .

. . .

2

## INVESTIGATIVE FINDINGS

1. On 09/3/2011, at approximately 7:00 p.m., members of Las Vegas Metropolitan Police Department (LVMPD) responded to Spirit Airlines flight #245 which had been directed to a containment area at the Las Vegas McCarran International Airport (hereafter referred to as McCarran). Representatives from the Transportation Safety Administration (TSA) had requested LVMPD's assistance after flight #245 was diverted back to McCarran, shortly after take off, when passenger LAVELLE Monte Smith began to make statements pertaining to parachutes and the aircraft exploding. Smith was also observed by witnesses displaying unusual behavior and making a phone calls during takeoff.

2. Upon flight #245's return to McCarran and arrival at the aforementioned containment area, Smith was taken into custody by the LVMPD. The remaining flight #245 passengers were removed, placed on buses and returned to the terminal. The aircraft, Smith's carry-on and Smith's checked luggage were then search by a Department of Aviation (DOA) K-9 for explosives, under the direction of the TSA. The K-9 search results revealed that Smith's luggage did not contain explosive material.

3. After responding to McCarran, FBI Las Vegas Special Agent (SAs) Joel P. Willis, Todd Holliday and Paul Davis, interviewed Smith, the flight attendants and a number of passengers from flight #245. During Smith's interview, Smith stated that he is a paranoid schizophrenic, that he is typically medicated, and that he did not bring his medication with him to Las Vegas. Smith also advised that he traveled to Las Vegas in order to celebrate his birthday with his sister who lives in

3

Las Vegas. Smith stated that during takeoff, he heard a loud voice in his head that told him that the aircraft was going to explode and this is why he made the aforementioned statements during take-off.

    4.    During the interviews of the flight attendants and the passengers, the recounts of Smith's behavior before and after flight #245 took-off were consistent. After the fasten seat-belt sign had been illuminated, the flight attendants were instructed to take their seats, and flight #245 began to ascend into the air during take-off, at least four passengers heard Smith stating that he "hopes that the plane has enough parachutes" and "something is going to blow up on this plane." Additionally, Smith was heard by these passengers saying "Allahu Akbar" at least twice. Immediately after making these statements, while flight #245 was still ascending, Smith was observed quickly standing up and retrieving his black backpack type bag from the overhead compartment, returning to his seat, and then swinging a small black bag with his hand while in his seat. At this point, the Flight Attendants observed that a number of passengers had turned on their call buttons. Despite having been instructed by the pilot to take their seats, a flight attendant moved to the vicinity of the aircraft where the call buttons had been pressed in order to investigate. After the flight attendant was advised of Smith's statements and actions by the witnessing passengers, the flight attendant seized Smith's bag and moved it to the rear of the aircraft. Smith's hands were then zip-tied by a flight attendant and the aircraft immediately began to divert back to McCarran. During flight #245's diversion back to McCarran, Smith was observed the witnessing passengers, having phone conversations and texting from his cell phone.

. . .

. . .

5.    Following the interview of Smith, the flight attendants and the passengers who witnessed Smith's behavior, Smith was transported via ambulance, to the Spring Mountain Hospital for a 72 hour mental health evaluation, following the execution of a Las Vegas Metropolitan Police Department (LVMPD) Legal 2000 request. On September 5, 2011, Smith was transferred to the Las Vegas Mental Health Center where he is currently being medicated and evaluated by a medical doctor.

6.    It should be noted that SA Joel P. Willis seized Smith's aforementioned cell phone and that Smith's aforementioned carry-on and checked baggage was transported with Smith to the Spring Mountain hospital.

7.    On September 8, 2011, Smith's NCIC criminal history reflects the following: 10/23/1991, Fairfield, CA Police Department, Battery, no disposition; 10/30/1991, Fairfield, CA Sheriff's Office, battery on person, no disposition; 05/08/1993, Fairfield CA, Sheriff's Office, possession of narcotics control substance, possession of control substance paraphernalia, no disposition; 04/21/1994, Vallejo CA, Possess Control Substance Paraphernalia, dismissed; 05/17/1994, Solano, CA, Convicted - Felony; 07/15/1993, Fairfield, CA Sheriff's Office, Burglary, Convicted - Misdemeanor; 09/16/1993, Fairfield, CA Assault, no disposition; 10/07/1993, Vallejo, CA, Burglary, dismissed; 04/19/1994, Fairfield, CA Sheriff's Office, Warrant, Probation Violation, Burglary; 10/06/1993, Solano, CA, Burglary, convicted - probation/jail, felony; 04/19/1994, probation reinstated, 10 day in jail; 05/17/1994, probation modified/extended; 11/28/1994, probation reinstated; 10/04/1995, probation revoked; 05/05/1995, Fairfield, CA Sheriff's Office, probation violation, possession of narcotics controlled substance and burglary; 10/17/1995, CA Corrections,

possession of controlled narcotics substance/etc in prison/etc, burglary; 09/10/1997, CA Corrections, violation of parole; 09/29/1998, Fairfield, CA Sheriff's Office, possession of narcotics controlled substance for sale; 11/02/1998, Solano, CA, possession/purchase of cocaine base for sale, possession/purchase of cocaine base for sale, convicted/committed to prison, felony, sentenced to three years in prison; 11/19/1998, CA Corrections, possession of controlled substance for sale; 09/13/2002, Tracy, CA, violation of parole; 03/-7/2003, Martinez, CA, violation of parole, felony; 08/20/2003, Napa, CA, mentally incompetent; 04/21/2004, Farfield, CA Sheriff's Office, violation of parole, felony; 04/27/2004, San Quentin, CA, violation of parole; 10/25/2004, Fairfield, CA Sheriff's Office, possession/purchase of cocaine base for sale, warrant - failure to appear after written promise, warrant - probation violation - re-arrest/revoke; 12/21/2004, Pasadena, CA Police Department, warrant - possession/purchase cocaine base for sale; 12/28/2004, Fairfield, CA, Sheriff's Office, warrant - possession/purchase of cocain base for sale, probation violation - re-arrest/revoke; 11/16/2005, Pasadena, CA Police Department, force/adw - not firearm; 12/06/2005, Pasadena, CA Police Department, force/adw - not firearm, dismissed, threaten crime with intent to terrorize, dismissed; 02/24/2006, Delano, CA, violation of parole, 01/18/2007, Pasadena, CA, burglary; 02/01/2011, Pasadena, CA, court remand, warrant- burglary;

    8.    Based on information provided to the affiant by law enforcement officers, I submit that there is probable cause to believe that Lavelle Monte Smith has committed a violation of: Title 18, United States Code, Section 1038- False Information and Hoaxes.

. . .

. . .

9. I declare that the foregoing is true and correct. This affidavit is not intended to be a complete statement of all known information of evidentiary value, and it does not purport to set forth all of my knowledge of, or investigation into this matter.

JOEL P. WILLIS
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me

this 19th day of September, 2011

UNITED STATES MAGISTRATE JUDGE

7